**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**RYAN DAVIS,**

**Plaintiff,**

**v.** **Case No. 26-C-805**

**NURSE MEIR,**
**T. GILLINGHAM, and**
**EMILY DAVIDSON,**

**Defendants.**

---

## SCREENING ORDER

---

Plaintiff Ryan Davis, who is currently serving a state prison sentence at the John C. Burke Correctional Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at Oshkosh Correctional Institution. On May 12, 2026, Davis filed an amended complaint, which he is allowed to do once without the Court's permission. This matter comes before the Court on Davis' motion for leave to proceed without prepaying the full filing fee and to screen the amended complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Davis has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Davis has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial

partial filing fee of $15.77. Davis' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss any complaint, or portion thereof, if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Davis, on October 14, 2025, he went to the medication window to get his dose of Tramadol, a narcotic that had been prescribed for ankle pain. After he took the medication, Defendant Nurse Meier directed him to run his fingers along his gum line, stick out his tongue, and raise his tongue to ensure he had swallowed the pill. Davis asserts that he refused to put his fingers in his mouth, explaining to the nurse that there had been several outbreaks within the institution such as norovirus and E. coli and he did not want to risk getting sick. Nurse Meier allegedly told him to comply or he would receive a conduct report for disobeying orders. Davis asserts that he brought the issue to a nearby sergeant's attention, but he was directed to follow orders. It is not clear how the interaction resolved, but it does not appear that Davis received a conduct report. For the next three days, Davis refused to take the pain medication after confirming with Nurse Meier that she would require him to run his fingers along his gum line to ensure he had swallowed the pill. He states that he had throbbing pain in his ankle that woke him up at night.

On October 25, 2025, Davis filed an inmate complaint. He states that, even though policy required only that healthcare staff conduct a visual inspection of a patient's mouth, Defendant T. Gillingham recommended dismissal of the inmate complaint. Later, Defendant Emily Davidson recommended affirming the dismissal. Davis explains that, eventually, the inmate complaint was affirmed, with the Corrections Complaint Examiner noting that, to prevent infection, residents should not be required to place their fingers in their mouths. Dkt. No. 3.

## THE COURT'S ANALYSIS

Davis asserts that Nurse Meier violated the Eighth Amendment when she ordered him to put his fingers in his mouth so she could confirm that he had swallowed his pain medication. According to Davis, this order exposed him to a risk of contracting an infection. Under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "To state a claim premised on prison officials' failure to protect him from harm, [a plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id*. (citing *Farmer*, 511 U.S. at 837). That said, "[t]he standard in this circuit is clear: an inmate who suffers only a *risk* of physical harm has no compensable claim under the Eighth Amendment." *Saunders v. Tourville*, 97 F. App'x 648, 649 (7th Cir. 2004); *Babcock v. White,* 102 F.3d 267, 272 (7th Cir.1996) (explaining that while a plaintiff may recover monetary damages under the Eighth Amendment for "failure to prevent harm," the plaintiff is not entitled to monetary compensation for the mere **"**failure to prevent exposure to [a] risk of harm").

Allegations that Nurse Meier exposed Davis to a risk of contracting an infection when she directed him to run his fingers along his gumline do not state a compensable claim. Davis only speculates that he could have contracted an infection from putting his fingers in his mouth, and he faces no future risk of contracting an infection because the policy has since been clarified that healthcare staff should not require patients to put their fingers in their mouths. Given that the danger that Davis asserts he was exposed to never materialized, he has suffered no compensable harm. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011) ("In order to succeed in a § 1983 suit, a plaintiff must 'establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages.'"). Davis explains that he suffered ankle pain

because he refused to take his medication for three days. But Nurse Meier never directed Davis not to take his medication; that decision was Davis' and he, not Nurse Meier, is responsible for the consequences of that decision.

The Court acknowledges that a prisoner may maintain an Eighth Amendment claim even in the absence of physical injury if a prison official maliciously or sadistically exposed a prisoner to a risk of harm. *Babcock*, 102 F.3d at 270. But the Court cannot reasonably infer that Nurse Meier's instructions were "for the very purpose of causing harm," *see Whitely v. Albers*, 475 U.S. 312, 320-21 (1986); *see also Czapiewski v. Thomas*, No. 16-cv-426, 2017 WL 1274160, at *2-3 (E.D. Wis. April 3, 2017). Rather, the only reasonable inference is that she chose a more exacting method to confirm that Davis had swallowed his medication (a narcotic) rather than hide it long his gumline. Her failure to execute the policy as it was later construed is at most negligence, which is not actionable under the Constitution. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). And even assuming she knowingly violated the department's policy, a "violation of a prison policy alone does not violate the Constitution or suggest deliberate indifference." *Schroeder v. Sawall*, 747 Fed. App'x 429, 431 (7th Cir. 2019).

Finally, Davis does not state a claim against Gillingham or Davidson based on allegations that they mishandled his inmate complaint. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)).

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022).

Accordingly, if Davis believes he can in good faith cure the deficiencies identified in this decision, he may file an amended complaint by **August 31, 2026**. On the other hand, if Davis believes the Court has erred in its analysis, he may promptly notify the Court that he does not intend to amend and final judgment will be entered allowing an immediate appeal. If he elects to amend, Davis is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Davis' failure to state a claim in his original complaint. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Davis' motion for leave to proceed *in forma pauperis* (Dkt. No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **August 31, 2026**, Davis may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Davis a blank prisoner amended complaint form.

**IT IS FURTHER ORDERED** that the agency having custody of Davis shall collect from his institution trust account the $334.23 balance of the filing fee by collecting monthly payments from Davis' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Davis is

transferred to another institution, the transferring institution shall forward a copy of this Order along with Davis' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Davis is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable William C. Griesbach
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Davis is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 5th day of August, 2026.

William C. Griesbach
United States District Judge