UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RYAN DAVIS,**

**Plaintiff,**

**v.** **Case No. 26-C-805**

**NURSE MEIR,**

**Defendant.**

---

**SCREENING ORDER**

---

Plaintiff Ryan Davis, who is currently serving a state prison sentence at the John C. Burke Correctional Center and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at Oshkosh Correctional Institution. On August 5, 2026, the Court screened the amended complaint and, after concluding it failed to state a claim on which relief could be granted, gave Davis the option of filing a second amended complaint if he believed "in good faith" that he could cure the deficiencies identified in the screening order. The Court advised Davis that, if he merely disagreed with the Court's analysis, he could promptly notify the Court that he did not intend to amend his complaint, and the Court would enter final judgment to allow for an immediate appeal. On August 28, 2026, Davis filed a second amended complaint, which the Court will screen, as required by 28 U.S.C. §1915A.

**SCREENING OF THE SECOND AMENDED COMPLAINT**

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious,"

that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

Davis largely rehashes the allegations in his prior complaint. In short, he alleges that he had been prescribed the narcotic Tramadol to address ankle pain. After getting his medication, Defendant Nurse Meir ordered him to run his fingers along his gumline so that she could confirm he had swallowed the pill. Davis refused to follow the order because he did not want to put his fingers in his mouth. According to Davis, for three days, he refused to take his medication because Nurse Meir confirmed that she would require him to run his finger along his gumline to ensure he had swallowed the pill. Davis explains that the policy required only that she do a visual inspection of his mouth, and he asserts that she impermissibly added to the policy and by doing so exposed him to a risk of getting sick. Davis asserts that it was eventually confirmed by the Corrections Complaint Examiner that healthcare staff should perform only a visual inspection of the inmates' mouths. Dkt. No. 13.

## THE COURT'S ANALYSIS

As he did in his prior complaint, Davis asserts that Nurse Meir violated the Eighth Amendment when she ordered him to put his fingers in his mouth so she could confirm that he had swallowed his pain medication. As the Court previously explained, under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "To state a claim premised on prison officials' failure to protect [a plaintiff] from harm, [the plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id*. (citing *Farmer*, 511 U.S. at 837). Requiring an inmate to run their own finger along their gumline to prevent the misuse of a narcotic does not impose an "excessive risk" to an inmate's health or safety. Davis insists it is unhygienic, but he does not explain why he could not simply wash his hands before going to get his medication.

Moreover, "[t]he standard in this circuit is clear: an inmate who suffers only a *risk* of physical harm has no compensable claim under the Eighth Amendment." *Saunders v. Tourville*, 97 F. App'x 648, 649 (7th Cir. 2004); *Babcock v. White,* 102 F.3d 267, 272 (7th Cir. 1996) (explaining that while a plaintiff may recover monetary damages under the Eighth Amendment for "failure to prevent harm," the plaintiff is not entitled to monetary compensation for the mere "failure to prevent exposure to [a] risk of harm"). Davis' insistence that he was *at risk* of contracting an infection, does not give rise to a compensable claim. Davis only speculates that he could have contracted an infection, and he faces no future risk of infection because the policy has since been clarified that healthcare staff should not require patients to put their fingers in their mouths. Given that the danger that Davis asserts he was exposed to never materialized, he has suffered no compensable harm. *See Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011) ("In order to

succeed in a § 1983 suit, a plaintiff must 'establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages.'"). Davis continues to highlight that he suffered ankle pain for three days because he refused to take his medication rather than comply with Nurse Meir's directive. But, as the Court noted in the prior screening order, Nurse Meir never prevented Davis from taking his medication. Rather than washing his hands and complying with Nurse Meir's directive, Davis refused to take his medication. Therefore, Davis' actions—not Nurse Meir's—are responsible for the pain he experienced from not taking the prescribed medication.

The Court once again acknowledges that a prisoner may maintain an Eighth Amendment claim even in the absence of physical injury if a prison official maliciously or sadistically exposed a prisoner to a risk of harm. *Babcock*, 102 F.3d at 270. But the Court cannot reasonably infer that Nurse Meir's instructions were "for the very purpose of causing harm," *see Whitely v. Albers*, 475 U.S. 312, 320-21 (1986); *see also Czapiewski v. Thomas*, No. 16-cv-426, 2017 WL 1274160, at *2-3 (E.D. Wis. April 3, 2017). Nurse Meir appears to have chosen a more exacting method to confirm that Davis had swallowed his medication. Her failure to execute the policy as it was later clarified is at most negligence, which is not actionable under the Constitution. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). And even assuming she knowingly violated the department's policy, a "violation of a prison policy alone does not violate the Constitution or suggest deliberate indifference." *Schroeder v. Sawall*, 747 Fed. App'x 429, 431 (7th Cir. 2019).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this __4th__ day of September, 2026.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.